E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur in the panel’s thorough opinion, except insofar as it holds that evidence of the December 24 border crossing was inadmissible under Rule 404(b) to prove Garcia-Gracia’s knowledge of the Monte Carlo’s hidden compartments.
There is no convincing reason why the December 24 crossing, when agents discovered hidden compartments in the Alti-ma that Garcia-Gracia had owned for more than year, is not admissible to prove Garcia-Gracia’s knowledge of the Monte Carlo’s hidden compartments. But for the fact that the Altima’s hidden compartments were empty, the December 24 crossing was identical to the February 5 crossing for which she is being tried. The mere fact that Garcia-Gracia owned a car that had hidden compartments — a car that was given to her by the Monte Carlo’s owner no less — is clearly relevant to her knowledge of the Monte Carlo’s similar hidden compartments. That she denied knowledge of the hidden compartments in a car she owned for a year is clearly a subject on which to test her credibility that she was innocent of all knowledge of the drug operation around her. Thus, the December 24 crossing was both highly relevant to and probative of Garcia-Gracia’s knowledge, a permissible purpose under Rule 404(b), and I would hold that the district court did not abuse its discretion in admitting it.